## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | :      C.A. No. |
| | : |
| v. | : |
| | : |
| ITT CORPORATION, | |
| | Case: 1:09-cv-00272 |
| Defendant. | Assigned To : Leon, Richard J. |
| | Assign. Date : 2/11/2009 |
| | Description: General Civil |

### CONSENT OF DEFENDANT ITT CORPORATION

1.    Defendant ITT Corporation ("Defendant") waives service of a summons and the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

   (a)    permanently restrains and enjoins Defendant from violating Section 13(b)(2)(A) and 13(b)(2)(B) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(b)(2)(A) and 15 U.S.C. § 78m(b)(2)(B)];

   (b)    orders Defendant to pay disgorgement in the amount of $1,041,112, plus prejudgment interest thereon in the amount of $387,538.11; and

(c)     orders Defendant to pay a civil penalty in the amount of $250,000 under

Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)].

3.     Defendant agrees that it shall not seek or accept, directly or indirectly,

reimbursement or indemnification from any source, including but not limited to payment made

pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays

pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof

are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further

agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any

federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final

Judgment, regardless of whether such penalty amounts or any part thereof are added to a

distribution fund or otherwise used for the benefit of investors.

4.     Defendant waives the entry of findings of fact and conclusions of law pursuant to

Rule 52 of the Federal Rules of Civil Procedure.

5.     Defendant waives the right, if any, to a jury trial and to appeal from the entry of

the Final Judgment.

6.     Defendant enters into this Consent voluntarily and represents that no threats,

offers, promises, or inducements of any kind have been made by the Securities and Exchange

Commission ("Commission") or any member, officer, employee, agent, or representative thereof

to induce Defendant to enter into this Consent.

7.     Defendant agrees that this Consent shall be incorporated into the Final Judgment

with the same force and effect as if fully set forth therein.

8.    Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.    Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.    Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this

3

action, Defendant understands that it shall not be permitted to contest the factual allegations of the Complaint in this action.

11.    Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's:  (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.    Defendant agrees that this Court shall retain jurisdiction over this matter for the
purpose of enforcing the terms of the Final Judgment.

Dated: _2/09/09_

ITT Corporation

By: _____
Gretchen McClain
Senior Vice President ITT Corporation and
President of Fluid Technology
ITT Corporation
1133 West Chester Avenue
White Plains, NY 10604

On _February 9_, 2009, _Gretchen McClain_, a person known to
me, personally appeared before me and acknowledged executing the foregoing Consent with full
authority to do so on behalf of _ITT Corporation_ as its _SVP -ITT & Pres. of FT_.

_____
Notary Public
Commission expires:

Approved as to form:

_____
Joseph P. Armao
Paul Alfieri
Linklaters LLP
1345 Avenue of the Americas
New York, NY 10105
Telephone: (212) 903-9200
Facsimile: (212) 903-9100
Attorney for Defendant

**CORNETT L. LEWERS**
**Notary Public, State of New York**
**No. 4966108**
**Qualified in Nassau County**
**Certificate Filed in New York County**
**My Commission Expires April 30, 2010**

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | :          C.A. No. |
| | : |
| v. | : |
| | : |
| ITT CORPORATION, | : |
| | : |
| Defendant. | : |
| | : |

### FINAL JUDGMENT

The Securities and Exchange Commission having filed a Complaint and Defendant ITT

Corporation having entered a general appearance; consented to the Court's jurisdiction over

Defendant and the subject matter of this action; consented to entry of this Final Judgment

without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived

findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly,

Section 13(b)(2)(A) of the Securities Exchange Act of 1934 ("Exchange Act")

[15 U.S.C. § 78m(b)(2)(A)], by, with respect to any issuer which has a class of securities

registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or any other issuer

which is required to file reports pursuant to Section 15(d) of the Exchange Act

[15 U.S.C. § 78o(d)], failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)], by, with respect to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or any other issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

      (a)      transactions are executed in accordance with management's general or specific authorization;

      (b)      transactions are recorded as necessary (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (ii) to maintain accountability of assets;

      (c)      access to assets is permitted only in accordance with management's general or specific authorization; and

(d)    the recorded accountability for assets is compared with the existing assets at

reasonable intervals and appropriate action is taken with respect to any

differences.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable

for disgorgement of $1,041,112, representing profits gained as a result of the violative conduct

alleged in the Complaint, together with prejudgment interest thereon in the amount of

$387,538.11, and a civil penalty in the amount of $250,000 pursuant to Section 21(d)(3) of the

Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying

$1,678,650.11 within ten (10) business days after entry of this Final Judgment by certified check,

bank cashier's check, or United States postal money order payable to the Securities and

Exchange Commission. The payment shall be delivered or mailed to the Office of Financial

Management, Securities and Exchange Commission, Operations Center, 6432 General Green

Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter

identifying ITT Corporation as a defendant in this action; setting forth the title and civil action

number of this action and the name of this Court; and specifying that payment is made pursuant

to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment

and letter to the Commission's counsel in this action. Defendant shall pay post-judgment interest

on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds

paid pursuant to this paragraph to the United States Treasury.

3

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.


Dated: _____, 2009


_____
UNITED STATES DISTRICT JUDGE

4